IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. TRACY SCHUTTE and MICHAEL YARBERRY, | ) ) ) ) |
| Plaintiffs and Relators, | ) ) |
| v. | ) No. 11-cv-3290 ) |
| SUPERVALU, INC., et al., | ) ) |
| Defendants. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss (d/e 58) (Motion). For the reasons set forth below, the Motion is ALLOWED.

The Relators bring this qui tam action for violation of the False Claims Act, 31 U.S.C. § 3729 et seq., and supplemental claims for violation of state false claims statutes. Amended Complaint (d/e 33). The Defendants are entities that operate pharmacies. The Relators allege that the Defendants illegally overcharged the federal and state government programs. The alleged overcharging involved, among other things, fraudulently overstating the Defendants' Usual & Customary prices for prescription medications. See Amended Complaint, ¶¶ 90-140.

Defendants have moved to dismiss the Amended Complaint for failure to state a claim and for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  <u>Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) and 9(b) (d/e 37)</u> (Motion to Dismiss).  The Defendants now ask this Court to stay discovery until the Motion to Dismiss is resolved.

The Defendants must show good cause exists for a stay.  The Court must consider whether the stay would prejudice the Relators; whether denying the stay would prejudice the Defendants; and whether the stay would reduce the burden of litigation on the parties or the court.  See <u>U.S. ex rel. Robinson v. Indiana University Health, Inc.</u>, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).  The Court has broad discretion to control the timing of discovery.  See <u>In re Sulfuric Acid Antitrust Litigation</u>, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

The Court has determined in this case that a stay will reduce the burden of litigation on this Court and the parties. The stay will support the policies underlying the particularity requirements of Federal Rule of Civil Procedure 9(b).  The Relators in this False Claims Act action must allege fraudulent violations with the particularity required by Rule 9(b).  <u>U.S. ex rel. Gross v. AIDS Research Alliance-Chicago</u>, 415 F.3d 601, 604 (7th Cir.

2005). The heightened pleading standard requires a relator to make a more extensive investigation before bringing claims of fraud. That purpose would be frustrated "by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case." U.S. ex rel. Liotine, v. CDW-Government, Inc., 2009 WL 72058, at *1 (S.D. Ill. March 18, 2009). The Court is persuaded by the reasoned analysis in the Liotine opinion that discovery should be stayed until the District Court determined whether the Relators have alleged violations of the False Claims Act with sufficient particularity. The Court notes that the Relators' Response does not challenge the Defendants' arguments based on policies underlying Rule 9(b).[1]

The stay will also reduce the burden of litigation on this Court because the resolution of the Motion to Dismiss will clarify the scope of discovery. A clarification of the issues should enable the parties to resolve discovery disputes more easily without resorting to the Court. The District Court's decision will also give this Court needed guidance to resolve discovery issues that the parties cannot resolve on their own. The Relators

---

[1] The Court recognizes that the Court in Robinson distinguished the decision in Liotine because the Liotine court could adjust the discovery schedule to accommodate the delay. The discovery schedule had been fixed in Robinson and could not be extended. Robinson, 2015 WL 3961221, at *8. In this case, the Rule 16 scheduling conference has not occurred. Thus, unlike the Robinson case, the discovery schedule has not been set.

have alleged a massive number of fraudulent acts by fifteen related entities in twenty-four states.  Amended Complaint, ¶¶ 1-4, 90-140.  The Relators have alleged that the Defendants have engaged in the illegal conduct since at least 2007.  Amended Complaint, ¶ 90.  If the District Court dismisses one or two Defendants or defines the scope of the claims more clearly, then the appropriate scope of discovery could change dramatically.  The Relators state, for example, that the scope of discovery will be significantly limited if the District Court rejects the Defendants' claim that a Usual & Customary price is the price charged to the majority of a store's uninsured customers.  Relators' Response to Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss (Doc. 58) (d/e 63), at 4, n 4.  The Relators are quite confident that they will prevail on this issue.  Id.  Waiting for the District Court to rule on that issue alone would greatly reduce the burden of litigation on the parties and the Court in unnecessary discovery disputes.

The Defendants have also shown that a stay will avoid an undue discovery burden on them.  The Defendants have the burden to show that allowing the discovery would impose an undue burden.  See Robinson, 2015 WL 3961221, at *5.  The Defendants have demonstrated that the Relators intend to seek 2.9 terabytes of data.  The Defendants would need

to hire additional personnel to find all of this data.  The training of the new employees would take six months.  <u>Defendants' Memorandum in Support of the Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss (d/e 59)</u>, Exhibit A, <u>Declaration of Daniel Salemi, dated June 7, 2016</u>, ¶¶ 5, 16-20.  The burden on the Defendants is clear.

The District Court will likely reduce that burden by limiting the scope of discovery.  Resolving the legal issue of the definition of Usual & Customary alone will significantly limit the scope of discovery, according to the Relators.  Resolving other legal issues should similarly define and sharpen the appropriate scope of discovery.  Given the volume of the data at issue in discovery in this case, the parties and the Court will benefit from waiting for the District Court to define legal issues and to identify the viable claims and the Defendants subject to those claims.  The Defendants will be relieved from the burden of finding and producing masses of irrelevant data, and the Relators will be relieved of wading through such irrelevant data to find useful information.  The Court, in its discretion, determines that the District Court's resolution of the Motion to Dismiss will reduce a significant burden on the parties from unnecessary discovery.

The Court finds that the burden on the Relators from any delay does not outweigh the benefits in waiting for the District Court's resolution of the

Motion to Dismiss.  The Court can ameliorate any problems due to delay by setting an appropriate discovery schedule after the District Court's decision.  The risk that the Defendants' will lose data during the delay is minimal.  As the Relators' note, the Defendants must maintain ten years of data to comply with federal regulations.  Response, at 8 (citing 42 C.F.R. § 423.505).  The data should be available once the District Court determines the Relators' viable claims.

THEREFORE, Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss (d/e 58) is ALLOWED.  Discovery is stayed until the District Court rules on Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) and 9(b) (d/e 37).

ENTER:   July 14, 2016

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE