IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA et al., ex rel. TRACEY SCHUTTE and MICHAEL YARBERRY, <br><br> Plaintiffs and Relators, <br><br> v. <br><br> SUPERVALU, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) No. 11-cv-3290 ) ) ) ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Relators Tracey Schutte and Michael Yarberry's Motion to Compel (d/e 75) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Relators brought this case against Defendants Surpervalu, Inc., and related entities (collectively Supervalu) for violation of the *False Claims Act*, 31 U.S.C. § 3729 et seq. Amended Complaint (d/e 33). Relators allege that Supervalu pharmacies intentionally misrepresented the Usual and Customary (U&C) prices that the pharmacies charged for medications in order to receive inflated reimbursements from federally funded programs

such as Medicare Part D, Medicaid, and federal employee and retiree health insurance programs (collectively Federal Programs).

The Relators allege Supervalu established a Price Matching Program in 2006 under which Supervalu pharmacies matched discount prices offered by Walmart, Kmart, and other competitors to customers paying cash for medications, but did not include the discounted prices in Supervalu's determination of its U&C prices.  The U&C prices were used to calculate the reimbursement amounts that the Federal Programs paid Supervalu pharmacies for the medications dispensed to covered individuals.  The Relators allege that the miscalculation of the U&C prices constituted a fraudulent misrepresentation used to secure funds from the federal government in violation of the *False Claims Act*.  Supervalu denied the allegations.

Relators filed this case under seal on August 8, 2011.  Relators filed the case under seal to allow the United States and Plaintiff States the opportunity to investigate and determine whether to intervene.  See 31 U.S.C. § 3730.  The United States investigated the Relators' claims for the next several years.  During the course of the investigation, the Health and Human Services Office of Inspector General (Inspector General) served a Civil Investigative Demand on Supervalu for documents related to the Price

Matching Program. Supervalu produced records dating back to January 1, 2005. On May 22, 2015, the United States elected not to intervene. Government's Notice of Election to Decline Intervention (d/e 20). The Complaint was then unsealed and served on Supervalu. On October 21, 2016, the Court denied Supervalu's Motion to Dismiss. Opinion entered October 21, 2016 (d/e 65). On November 22, 2016, Supervalu provided Relators with a copy of the documents produced to the Inspector General pursuant to the Civil Investigative Demand.

On December 20, 2016, Relators served Supervalu with their First Sets of Interrogatories and Requests to Produce (collectively Discovery Requests). The Discovery Requests asked for responses within 30 days of service. Memorandum in Support of Motion (d/e 76) (Relators' Memorandum), Exhibit A, Relator's First Set of Request for Production of Documents to Defendants (Requests to Produce), at 1; Exhibit B, Relators' First Set of Interrogatories to Defendants (Interrogatories), at 1. Supervalu responded on January 20, 2017.

Supervalu argues that the response should have been made by January 19, 2017. Relators are incorrect. The Discovery Requests were served by mail and by email. Request to Produce, attached Certificate of Service; Interrogatories, attached Certificate of Service. The Relators have

not shown that email service was effective because Relators have not shown that Supervalu consented in writing to accept service by email. See Fed. R. Civ. P. 5(b)(2)(E).[1] The Discovery Requests, therefore, were effectively served by mail. Supervalu was required to respond by January 23, 2017 because three days are added to response times for documents served by mail. Fed. R. Civ. P. 6(d). Supervalu's January 20, 2017 response was timely. Relators' arguments to the contrary are not persuasive.

The parties attempted to resolve Supervalu's objections to the Discovery Requests. The following disputes remain:

(1) Supervalu proposes to produce documents on a rolling basis with completion expected by September 2017. Relators want immediate production of responsive documents;

(2) Supervalu proposes to produce a privilege log at the end of production. Relators want immediate production of a privilege log;

(3) Supervalu objects to producing documents from the calendar year 2005. Relators want production of documents back to January 1, 2005;

---

[1] Counsel agreed to electronic service through the Court's CM/ECF system by registering with the Clerk of Court. Local Rule 5.3(A). Relators did not serve the Discovery Requests through the CM/ECF system.

(4) Supervalu objects to producing documents related to all prescription drug discount programs. Relators want production of documents related to all such discount programs;

(5) Supervalu objects to producing customer identifying information such as names, addresses, and dates of birth. Relators want production of this information;

(6) Relators complain that Supervalu is improperly limiting its search of responsive documents to 23 individual custodians; and

(7) Supervalu has responded to Relators' Interrogatory No. 5 by producing the documents in which the information can be found. Relators want Supervalu to review the documents to provide the response.

The Court addresses each remaining issue in order.

1. <u>Time of Production</u>

Supervalu is directed to complete the document production in response to the Discovery requests by June 15, 2017. The Scheduling Order (d/e 69) requires Relators to disclose expert reports by September 21, 2017. The experts need time to review the documents to prepare their opinions. Production of documents by June 15, 2017 should provide sufficient time to formulate expert opinions. Relators also reasonably need

the documents to prepare for fact depositions.  Fact discovery must be completed by December 12, 2017.  Delaying the production of documents beyond June 15, 2017 will interfere with completing discovery on schedule.

    2.    <u>Privilege Log</u>

Supervalu refers to claims of privilege in its responses and subsequent correspondence with Relators.  Supervalu, therefore, must provide Relators with a privilege log.  Fed. R. Civ. P. 26(b)(5).  Supervalu is directed to provide Relators with a complete privilege log by July 1, 2017.  The privilege log will provide the following information with respect to each document withheld on a claim of privilege:

i.    A brief description or summary of the content of the document or communication;

ii.    The date the document was prepared;

iii.    The name or names of the person or persons who prepared the document;

iv.    The identity of the person who made the statements in the document;

v.    The person to whom the document was directed, or for whom it was prepared;

vi.    The purpose for preparing the document or communication;

vii. The privilege or privileges asserted for the document or communication; and

viii. How the document or communication satisfies the asserted privilege or privileges.

See Moore's Federal Practice, §26.90 (Matthew Bender 3${}^{rd}$ ed.). The Court finds that producing one privilege log at the completion of the document production will be efficient and effective in this case.

3. Producing Documents back to January 1, 2005

Supervalu's objection to producing documents back to January 1, 2005 is overruled. The Complaint alleges that the Price Matching Program began in response to Walmart and Kmart discounts that began in 2006. The discount programs also coincided with the commencement of Medicare Part D prescription drug coverage. Relators allege Supervalu secured payments from Medicare Part D in violation of the *False Claims Act*. Documents created before the start of Medicare Part D and the Walmart/Kmart discount plans may be relevant to show any planning or intent regarding Supervalu's plans to respond to the beginning of Medicare Part D. The request only goes back one year from the beginning of Medicare Part D and the Walmart/Kmart discounts. The Court finds that

the one-year requirement is limited and proportional and appropriate in this case. Fed. R. Civ. P. 26(b).

    4.    <u>Documents Related to all Discount Programs</u>

Supervalu's objection to producing documents related to Supervalu prescription drug discount programs other than the alleged Price Matching Program is sustained. Fraudulent misrepresentations must be pleaded with particularity. Fed. R. Civ. P. 9(b). The Relators allege that Supervalu made fraudulent misrepresentations because its reported U&C prices did not include pricing under the Price Matching Program. The claim is limited to Supervalu's alleged fraudulent treatment of the prices in the Price Matching Program. Likewise, the damages for the claim are limited to the injury caused by the alleged fraudulent treatment in the Price Matching Program. The impact of other discount programs on U&C prices is not relevant. Therefore, the Court finds that opening up discovery to all discount programs is not proportional to the needs of the case. Supervalu's objection is sustained.

The Court notes that the Relators allege that transactions were often processed as cash transactions under the Price Matching Program. <u>See Amended Complaint</u>, ¶¶ 107-13. The responsive documents to be produced for the Price Matching Program shall include documents related

to these cash transactions, not just claims filed for reimbursement under a Federal Program.

5.   Customer Identifying Information

Supervalu's objection to providing customer identifying information is overruled in part.  Prior to January 1, 2012, the records from some transactions processed by some Pharmacy Benefit Managers do not indicate whether the pharmacy reimbursement claims were processed and paid by Federal Programs or by private insurers.  Relators cannot tell from these records which claims are at issue from these particular records.  Relators want the customer identifying information to determine which claims were paid by Federal Programs.  Supervalu objects to producing confidential information out of privacy concerns, particularly in light of the restrictions imposed by the *Health Insurance Portability and Accountability Act of 1996* (HIPAA), 42 U.S.C. §§ 1329-d – 1320d-9; 45 C.F.R. §§ 164.500-164.534.

The Court appreciates Supervalu's privacy concerns and Relators' desire to identify relevant transactions.  The Court, therefore, directs Supervalu to provide customer identifying information for the records of transactions processed before January 1, 2012 by those Pharmacy Benefit Managers who did not indicate whether the pharmacy reimbursement

claims were processed and paid by Federal Programs or by private insurers. The production of the customer identify information is subject to the Protective Order entered February 7, 2017 (d/e 74). The parties prepared the Protective Order specifically to comply with the requirements of HIPAA. Supervalu is not required to produce any other customer identifying information.

6. Limitation on Custodians For Document Production

Relators are concerned that Supervalu is limiting its search for documents to 23 individual document custodians. Supervalu states that it is not so limiting its search for responsive documents. This aspect of the Motion, therefore, is denied as moot.

7. Interrogatory No. 5

Interrogatory No. 5 asked for the following:

> 5. For each drug in the drug formularies, price matching lists, or similar documents identified in Your answer to the preceding interrogatory, state all prices for each drug by effective date of such prices and identify the state(s) and pharmacies (by pharmacy number) in which such prices were effective.

Interrogatories, at 6. Supervalu responded, in part:

> **RESPONSE:** Subject to and without waiver of the foregoing privileges and/or objections(s), Defendants respond as follows: Defendants refer Relators to Defendants' responses to Relators' First Set of Requests for Production, requests 6, 7, and 10, which are incorporated by reference, because the

burden of deriving an answer will be substantially the same for either party.

Relators' Memorandum, Exhibit D, Defendants' Objections and Responses to Relators' First Set of Interrogatories, at 5. Relators ask the Court to order Supervalu to find the responsive information in the documents and prepare a complete answer. Supervalu maintains that it may produce the documents and let Relators find the responsive information because the burden of deriving an answer will be substantially the same for either party.

Federal Rule of Civil Procedure 33(d) states:

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis in the original). Interrogatory No. 5 seeks prices charged at Supervalu pharmacies. This information is secured by examining Supervalu's business records. Supervalu may respond by

producing the relevant records pursuant to Rule 33(d). Supervalu, however, must provide sufficient information about the records so that the Relators can collect the information sought. See <u>Perez v. KDE Equine, LLC</u>, 2017 WL 56616, at *5 (W.D. Ken. January 4, 2017). Supervalu is directed to specify how to find the information in the records in sufficient detail to enable Relators to find the requested information. Relators' motion to compel Supervalu to cull the information from the records rather than produce the records under Rule 33(d) is denied.

THEREFORE, IT IS ORDERED that Relators Tracey Schutte and Michael Yarberry's Motion to Compel (d/e 75) is ALLOWED in part and DENIED in part.

ENTER: April 17, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE