E-FILED
Monday, 21 May, 2018  07:49:35 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, and | § | |
| THE STATES OF CALIFORNIA, | § | |
| DELAWARE, ILLINOIS, INDIANA, | § | |
| MASSACHUSETTS, MINNESOTA, | § | |
| MONTANA, NEVADA, NEW JERSEY, | § | |
| NORTH CAROLINA, RHODE ISLAND, and | § | |
| VIRGINIA *ex rel.* TRACY SCHUTTE and | § | |
| MICHAEL YARBERRY, | § | |
| | § | |
| Plaintiffs, | § | **No. 11-cv-03290** |
| | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERVALU, INC., SUPERVALU | § | |
| HOLDINGS, INC., FF ACQUISITIONS, LLC, | § | |
| FOODARAMA, LLC, SHOPPERS FOOD | § | |
| WAREHOUSE CORP., SUPERVALU | § | |
| PHARMACIES, INC., ALBERTSON'S, LLC, | § | |
| JEWEL OSCO SOUTHWEST LLC, NEW | § | |
| ALBERTSON'S, INC., AMERICAN DRUG | § | |
| STORES, LLC, ACME MARKETS, INC., | § | |
| SHAW'S SUPERMARKET, INC., STAR | § | |
| MARKETS COMPANY, INC., JEWEL FOOD | § | |
| STORES, INC., and AB ACQUISITION LLC | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO MEDICAID CLAIMS

### ORAL ARGUMENT REQUESTED

Defendants move for partial summary judgment as to the Medicaid claims at issue in this case, in which Relators allege that Defendants knowingly submitted false claims for payment to government healthcare programs by reporting their own "usual and customary" prescription prices instead of local competitors' prices, which Defendants sometimes matched at individual customers' requests. For the reasons set forth below and in the memorandum supporting this motion, the uncontroverted evidence shows that Relators cannot show the required elements to support their alleged false claims.

Summary judgment must be granted when the nonmoving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Blow v. Bijora, Inc.*, 855 F.3d 793, 797-98 (7th Cir. 2017). Relators bear the burden of proof under the False Claims Act to prove as to each alleged false claim submitted to Medicaid (1) *falsity* – that Defendants made an objectively false claim or submitted a false record or statement; (2) *knowledge* – that Defendants made the false claim or statement with the requisite state of mind; and (3) *materiality* – that the false claim, record, or statement would have affected the government's decision to pay the claim. *See United States ex rel. Marshall v. Woodward, Inc.*, 812 F.3d 556, 561 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 2510 (2016); 31 U.S.C. § 3729(a)(1)(A), (B), and (G).

The uncontroverted evidence shows: (1) Defendants did not  submit *false* claims for payment to federal healthcare programs based on their legal requirements; (2) Defendants did not *knowingly* submit any alleged false claims; and (3) any submitted alleged false claims were not *material* to the government's payment decision.

With respect to *falsity*, which is the only element that arguably implicates a Seventh Circuit decision about Kmart's discount program, *United States  ex rel. Garbe v. Kmart Corp.*, 824 F.3d

632, 636 (7th Cir. 2016), *cert. denied sub nom. Kmart Corp. v. U.S. ex rel. Garbe*, 137 S. Ct. 627

(2017), the undisputed facts show that with respect to this very different discount program:

1. The enforceable regulatory Medicaid State Plans in effect in California, Illinois, Utah, and
   Washington during the relevant time period did not capture individualized price matching
   as part of any definition of "usual and customary;" and

2. Any Medicaid definition of usual and customary that sought to capture discount drug
   programs that were ***offered*** to all customers would still not have included Defendants' Price
   Match Program, as advertisements indicating Defendants' willingness to price match local
   competitors' prices were not true legal offers, because these advertisements did not include
   set pricing terms for specific prescription drugs.

Even if Relators could show a material fact exists as to the falsity element, with respect to

***knowledge***, which was not an issue addressed by *Garbe* the undisputed facts show that:

1. Defendants reasonably believed that individualized price match concessions did not affect
   the usual and customary price of any drug they sold.

2. The pharmacy industry did not consider individualized price-match concessions to affect
   usual and customary prices, as defined in state Medicaid legal authorities; and

3. Defendants sought guidance from certain state Medicaid authorities when questions arose
   regarding whether prices provided to customers pursuant to Defendants' price match policy
   were expected to be considered Defendants' usual and customary prices.

Finally, with respect to ***materiality*** – an element that, since the *Garbe* decision, the

Supreme Court recently interpreted as "rigorous" and "demanding" in *Universal Health Servs.,*

*Inc. v. United States ex rel. Escobar*, 136 S. Ct. 198, 2003 (2016), the undisputed facts show that:

1. The Department of Justice and relevant states investigated the allegations in Relators' Amended Complaint for more than three years before declining to intervene, and no evidence shows that any federal program rejected Defendants' claims during or after the declination based on Defendants' continued reported of regular cash prices, rather than price matches, as their usual and customary prices.

Summary judgment must be granted if Relators cannot make a showing sufficient to establish the existence of ***even one*** of the above elements. Because Relators cannot make that showing as to any of the elements essential to sustain their case with respect to the Medicaid claims at issue, *see Blow*, 855 F.3d at 797-98, summary judgment is proper.

Accordingly, Defendants respectfully ask the Court to grant its motion for partial summary judgment as to all Medicaid claims in this matter.

Dated: <u>May 21, 2018</u>                  Respectfully submitted,

By <u>*/s/ Frederick Robinson*</u>
Frederick Robinson
REED SMITH LLP
1301 K Street, N.W., Suite 1000 - East Tower
Washington, D.C., 20005
Email: frobinson@reedsmith.com
Phone: (202) 414-9200
Fax: (202) 414-9299

Selina Coleman
Megan Engel
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Phone:  (202) 662-0200
Fax:  (202) 662-4643
Email:  selina.coleman@nortonrosefulbright.com
megan.engel@nortonrosefulbright.com

Charles R. Schmadeke
HINSHAW & CULBERTSON LLP
400 South Ninth Street, Suite 200

Springfield, IL 62701
Phone:  (217) 467-4914
Fax:  (217) 528-0075
Email:  cschmadeke@hinshawlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2018, pursuant to Local Rule 5.3 and Federal Rule of Civil

Procedure 5(b), this document was filed electronically with the Clerk of the Court using CM/ECF

and served upon counsel of record.

*/s/ Frederick Robinson*
Frederick Robinson