IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA et al., ex rel. TRACEY SCHUTTE and MICHAEL YARBERRY, | ) ) ) ) ) | |
| Plaintiffs and Relators, | ) ) | |
| v. | ) ) | No. 11-cv-3290 |
| SUPERVALU, INC., et al., | ) ) | |
| Defendants. | ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion for Determination of Privilege and Inadvertent Production (d/e 146) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

The Relators Tracy Schutte and Michael Yarberry bring this False Claims Act case against Defendants Supervalu, Inc., and related entities (Supervalu), alleging that Supervalu made false claims to Medicare, Medicaid, and other federal and state government health and welfare plans. Supervalu made the claims for reimbursement for prescription

drugs. Relators allege that Supervalu misrepresented the Usual and Customary price ("U&C" or "U and C") on these claims for reimbursement. Relators allege Supervalu charged approximately $4.00 for certain 30-day generic drug prescriptions ($4 prescription price) to customers who paid cash through a price-matching program. This program matched the prices that Walmart and other major retailers charged. Relators allege that the $4 prescription price was in fact Supervalu's Usual and Customary price for these generic prescription drugs. Relators allege that Supervalu defrauded the government programs by falsely representing on reimbursement requests that its Usual and Customary prices were higher than the $4.00 prescription price that cash customers paid for the generic drugs under the price-matching program. Relators claim that, because of these false representations, the government programs overpaid Supervalu on its prescription reimbursement claims. <u>See</u> <u>generally</u> <u>Plaintiffs' First Amended Complaint with Jury Demand Pursuant to Federal and State False Claims Acts (d/e 33)</u>. Supervalu denies these allegations. <u>See</u> <u>generally</u> <u>Defendants' Answer to Plaintiffs' First Amended Complaint with Jury Demand Pursuant to Federal and State False Claims Acts (d/e 71)</u>.

    In the course of discovery, Defendants Supervalu produced documents to Relators. Supervalu withheld some documents and redacted

information from some documents based on claims of privilege, including attorney-client privilege.  Supervalu also produced unredacted copies of some of withheld or redacted documents.  Supervalu asked Relators to return, or claw back, the unredacted copies pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), and paragraph 18(d) of the Stipulated Protective Order entered February 7, 2017 (d/e 74).  Supervalu stated that it produced these documents inadvertently.

The parties conferred on this issue, but could not resolve the issue with respect to one complete email and portions of five other emails (collectively the Emails).  Supervalu asks the Court to find that the Emails are privileged and to order Relators to return the Emails to Supervalu.  Relators do not challenge Supervalu's claims that two of the Emails are covered by attorney-client privilege, but still challenge whether all the Emails were inadvertently produced in an unredacted form.

ANALYSIS

I. <u>Attorney-Client Privilege</u>

Federal privilege law applies to this case because the Relators assert federal claims against Supervalu.  <u>Wilstein v. San Tropai Condominium Master Association</u>, 189 F.R.D. 371, 375-76 (N.D. Ill. 1999).  To establish the attorney-client privilege, Supervalu must show that the Emails consist

of: (1) a confidential communication; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship.  United States v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007).  The privilege only extends to "those communications which 'reflect the attorney's thinking [or] are made for the purpose of eliciting the lawyer's professional advice or other legal assistance' fall within the privilege."  Id. (quoting United States v. Frederick, 182 F.3d 496, 500 (7th Cir. 1999)).  Under appropriate circumstances, the privilege can extend to communications between non-attorneys who are properly privy to the privileged information.  United States v. Dish Network, LLC, 283 F.R.D. 420, 423 (C.D. Ill. 2012).  The privilege further "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."  Upjohn Co. v. United States, 449 U.S. 383, 395 (1981).  Supervalu has the burden to show that the Emails are privileged.  Towne Place Condominium Association v. Philadelphia Indemnity Ins. Co., 284 F.Supp.3d 889, 895 (N.D. Ill. 2018).

Supervalu attached, under seal, the unredacted versions of the Emails as Exhibits M, N, and O to its Memorandum.  Defendants' Memorandum in Support of Motion for Determination of Privilege and inadvertent Production (d/e 147) (Defendants' Memorandum), at 1 n.1;

Sealed Exhibits (d/e 149). Four of the disputed Emails are included in Exhibit O. Defendants produced three redacted versions of Exhibit O that Supervalu produced in discovery. Relators' Response to Defendants' Motion for Determination of Privilege and Inadvertent Production (d/e 157) (Relators' Memorandum), Sealed Exhibits (d/e 159). Neither party filed the redacted versions of Exhibits M and N. The correspondence attached to the Relators' and Defendants' Memoranda, however, identify the redacted portions of these two Emails.

1. Supervalu Exhibit M, Email from Maxine Johnson to Ronald Richmond dated May 14, 2008 (unredacted version Bates No. SVU00465079) (May 14, 2008 Email).

In the first Email, Supervalu employee Maxine Johnson responded to an email from her subordinate Ronald Richmond. Richmond sought advice on how to respond to an inquiry from a third-party entity about Supervalu's corporate policy on $4 generic drugs programs operated by other retailers. Johnson told Richmond not to respond unless the third party first disclosed what it intended to do with the information. Supervalu does not claim a privilege to this portion of this Email.

Johnson then wrote a sentence that Supervalu claims is privileged. Supervalu redacted the sentence from the redacted version of the Email.

Supervalu described the sentence on its privilege log as "Redacted email from M. Johnson to R. Richmond requesting legal advice from inside counsel C. Morris relating to Price Match program and U&C price." Defendants' Memorandum, Exhibit A, Privilege Log Excerpt (Privilege Log).

The Court finds that the sentence is not privileged. The attorney-client privilege covers: (1) confidential communication made to or from the attorney seeking or receiving legal advice; or (2) a confidential communication concerning the legal advice provided. See BDO Siedman, LLP, 492 F.3d at 815-16; United States v. McPartlin, 595 F.2d 1321, 1337 (7th Cir. 1979). Privileged communications may include communications with parties who engage in a joint effort with a common legal interest, and to the employees and agents of those parties. BDO Siedman, LLP, 492 F.3d at 816. The Seventh Circuit has not addressed whether the privilege extends to the situation here, a communication between two non-attorneys about contacting the attorney.

This Court finds that the privilege should not be extended to communications between non-attorneys who discussed contacting an attorney. Privileges are to be construed narrowly because privileges restrict the process of fact-finding. See In re Grand Jury Proceedings (Thullen), 220 F.3d 568, 571 (7th Cir. 2000). The attorney-client privilege

exists to promote "full and frank communication" between attorney and client.  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); see United States v. Frederick, 182 F.3d 496, 500 (7th Cir. 1999).  The disputed sentence in the May 14, 2008 Email is not a confidential communication with Supervalu's in-house attorney.  The disputed sentence is not a confidential communication about legal advice from Supervalu's attorney.  As such, shielding the disputed sentence does not protect full and frank communications with the attorney.  The sentence at issue is not privileged.  The Court's analysis agrees with the District Court decision in Equity Residential v. Kendall Risk Management, Inc., 246 F.R.D. 557, 568. (N.D. Ill. 2007), cited by the Relators.

 Supervalu argues that the Equity Residential opinion does not apply because the decision did not involve federal privilege law.  The Equity Residential opinion applied Connecticut attorney-client privilege law.  Id. at 566-67.  Connecticut attorney-client privilege law is consistent with federal privilege law.  Id. at 566.  The Equity Residential is relevant and the Court finds its reasoning persuasive.

 Supervalu urges the Court to follow the decision in cites the Court declines to follow IBJ Whitehall Bank & Trust Co. v. Cory & Associates, Inc., 1999 WL 617842, at *7 (N.D. Ill. August 12, 1999).  The IBJ Whitehall

opinion discussed many aspects of the attorney-client and work product privilege. The IBJ Whitehall decision held, among other things, that communications between non-attorney employees about seeking legal advice from the employer's attorney was covered by the privilege. The IBJ Whitehall court reasoned that such confidential communications "disclose[d] confidential information for the purpose of seeking legal advice." Id. at *7, *8.

This Court disagrees with this portion of the IBJ Whitehall decision. Privileges should be construed narrowly. In re Grand Jury Proceedings (Thullen), 220 F.3d at 571. Johnson's instruction to Richmond to contact attorney Morris does not reveal Richmond's subsequent statements to attorney Morris nor her response. Extending the privilege to these types of conversations that occur before the attorney is contacted is not necessary to protect the full and frank exchange in the subsequent communication with the attorney. The Court concludes that the privilege should not be extended to the disputed sentence in the May 14, 2008 Email. The sentence is not privileged. The Motion is denied with respect to the disputed sentence at issue in the May 14, 2008 Email, Exhibit M.

2. Supervalu Exhibit N, Email dated June 27, 2008, from Lisa Foss-Ritter to Christine Huang, Quan Tran, Tracey Taylor, Lionel Moore,

Kamlesh Gandhi, and Bobbie Riley; with cc to Mike Hendry and blind copies to pharmacies (unredacted version Bates No. SVU00523729) (June 27, 2008 Email).[1]

In the June 27, 2008 Email, Regional Sales Manager Foss-Ritter stated that Supervalu would not adopt "our competitor's $4 generic drug strategy." She also stated, among other things, that, "it is important to reinforce our policy of matching competitor's prescription pricing, even generics." Supervalu claimed no privilege to this portion of the June 27, 2008 Email.

Supervalu redacted a subsequent redacted sentence asserting the attorney-client privilege. See Supervalu Memorandum, Exhibit J, Privilege Log Excerpt. The Court has reviewed the redacted sentence and finds that the sentence is not privileged. The disputed sentence stated a change in marketing strategy. The sentence stated that the change was made "for legal reasons." The sentence did not state the legal reasons. A communication between non-attorneys may be privileged when the non-attorneys discuss an attorney's advice in confidence. See Dish Network LLC, 283 F.R.D., at 423. Foss-Ritter did not discuss the attorney's advice

---

[1] Supervalu states it its memorandum that the redacted version is Bates No. SVU00523729. Defendants' Memorandum, at 11. Supervalu also states that Exhibit N is the unredacted version of this Email. Defendants' Memorandum, at 1 n.1. Exhibit N is marked with the Bates No. SVU00523729 and is unredacted.

in this sentence. She only announced a change in business strategy. Adding a boiler-plate phrase "for legal reasons" did not transform her sentence about a change in business strategy into a confidential communication about attorney advice. Supervalu's arguments to the contrary are not persuasive. The Motion is denied with respect to the June 27, 2008 Email.

3.  <u>Supervalu Exhibit O</u>, <u>Email dated June 10, 2008 (unredacted version Bates No. SVU00465066) (June 10, 2008 Email) and Email dated April 11, 2008 from Daniel Salemi to in-house attorney Ron Mendes with copies to Lynette Berggren, Chris Dimos, Anne Dony, and Daniel Salemi (unredacted version on Bates page no. SVU00465074) (April 11, 2008 Salemi Email)</u>.

Relators do not challenge Supervalu's claim that the April 11, 2008 Salemi Email and the redacted portion of the June 10, 2008 Email are subject to the attorney-client privilege. <u>Relators' Memorandum</u>, at 11-12; <u>Supervalu Memorandum</u>, Exhibit F, <u>Letter dated April 5, 2018 from Supervalu's Counsel to Relators' Counsel</u>, and Exhibit L, <u>Letter dated April 6, 2018 from Relators' Counsel to Supervalu's Counsel</u>.[2] Relators,

---

[2] Supervalu states in its Memorandum that the parties did not resolve the challenge to its claims of privilege regarding redacted portions of the June 10, 2008 Email. <u>Supervalu Memorandum</u>, at 11-12 (identified as Excerpt 1). The two Letters, Exhibits F and L to the Supervalu Memorandum, however, show an agreement on this issue. The April 6, 2008 Letter, Exhibit L, quotes the redacted portion subject

however, still dispute whether these two Emails were inadvertently produced in an unredacted form. Relators' Memorandum, at 4-6. The Court discusses the question of inadvertent production below.

4. Supervalu Exhibit O, Email dated April 11, 2008 from Anne Dony to Daniel Salemi and in-house attorney Ron Mendes, with copies to Lynette Berggren and Chris Dimos (unredacted version at Bates No. SVU00465074) (April 11, 2008 Dony Email).

The body of the April 11, 2008 Dony Email consists of a copy of information on a third-party website. Dony addressed the April 11, 2008 Dony Email to Salemi and in-house attorney Mendes. This Email contains only factual information, not opinions of Supervalu's attorneys or a request for legal advice. Dony sent this Email to provide background information to attorney Mendes as part of a request for legal advice. The document, therefore, is privileged as a communication sent to an attorney for the purpose of seeking legal advice. The underlying factual material is not privileged, but the fact that Dony communicated the information to attorney Mendes is protected. See Upjohn Co. v. United States, 449 U.S. 383, 395-

---

to the privilege. The April 5, 2008 Letter, Exhibit F, could be interpreted to include a claim of privilege for the sentence immediately following the quoted phrase in Exhibit L. The additional sentence reads, "We could probably implement and fix as we find issues." This additional sentence is not privileged. The sentence does not seek legal advice, does not disclose legal advice, and does not disclose communications to or from an attorney. The sentence is not privileged.

96 (1981). Relators' arguments to the contrary are not persuasive. The April 11, 2008 Dony Email is subject to attorney-client privilege.

5.  <u>Supervalu Exhibit O</u>, <u>Email dated June 26, 2008 from Maxine Johnson to Daniel Salemi with a copy to in-house counsel Cheron Morris (unredacted version at Bates No. SVU00465067) (June 26, 2008 Email)</u>.

The first portion of this Email summarizes information discussed at a meeting attended by Johnson, in-house attorney Morris and an attorney representing a third-party business entity. Supervalu's Motion does not assert an attorney-client privilege for this portion of this Email.

The bottom portion of this Email is entitled "Next Steps." Johnson lists four steps to be taken. Supervalu asserts a privilege on the second sentence of the first step and all of the second step. These portions of the June 26, 2008 Email are subject to the attorney-client privilege. The statements describe steps Johnson will take with attorney Morris to secure attorney Morris's legal advice. Morris is copied on this Email. The Email, therefore, communicated to attorney Morris a request for legal advice. These portions of the June 26, 2008 Email are subject to the attorney-client privilege. See <u>BDO Siedman, LLP</u>, 492 F.3d at 815-16. The inclusion of non-attorney Supervalu employee Salemi on this Email does not affect the

privilege because the legal advice concerned his area of responsibility at Supervalu. See Dish Network, LLC, 283 F.R.D. at 423.

II. Inadvertent Production

Supervalu produced redacted and unredacted versions of the Emails. In fact, Supervalu produced three different redacted versions of Exhibit O, each with different redactions. Supervalu used computer applications to identify potentially responsive documents and documents potentially subject to attorney-client privilege. Eighteen individuals reviewed the documents retrieved by the computer applications to identify privileged material. Supervalu ultimately produced almost 600,000 pages of documents. See Supervalu Memorandum, at 2-3. In so doing, Supervalu produced three documents containing the Emails in unredacted form. Supervalu states that the disclosure of these three was inadvertent. Relators dispute that the disclosure was inadvertent.

The Court finds that the disclosure was inadvertent. In cases involving large document productions, errors are almost inevitable. See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 388 (7th Cir. 2008). Supervalu used an appropriate process to identify relevant documents and remove claimed privileged material. The number of disputed pages produced was quite small. The Court finds under these

circumstances, Supervalu inadvertently produced the unredacted version of the Emails and the multiple redacted versions of Exhibit O. See <u>Harmony Gold U.S.A., Inc. v. FASA Corp.</u>, 169 F.R.D. 113, 116 (N.D. Ill. November 6, 1996); <u>MSP Real Estate, Inc. v. City of New Berlin</u>, 2011 WL 3047687, at *3 (E.D. Wis. July 22, 2011). Supervalu followed the requirements of the Protective Order and Rule 26(b)(5)(B) in seeking to claw back these documents, and in filing this Motion. Supervalu did not waive its attorney client privilege by the inadvertent production.

The unredacted versions of the April 11, 2008 Salemi Email, the April 11, 2008 Dony Email, the June 26, 2011 Email, and the June 10, 2008 Email are privileged. The Court orders the Relators to return the unredacted versions of these Emails to Supervalu. The Court further orders Relators not use any portions of the Emails that the Court has found to be subject to the attorney-client privilege.

THEREFORE, IT IS ORDERED that Defendants' Motion for Determination of Privilege and Inadvertent Production (d/e 146) is ALLOWED in part and DENIED in part.

ENTER: May 29, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE