IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY, | ) ) ) ) ) ) ) ) ) | |
|     Plaintiffs and Relators, | ) ) | |
|     v. | ) ) | NO. 11-3290 |
| SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|     Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

On April 23, 2018, U.S. Magistrate Judge Tom Schanzle-Haskins entered an Opinion [Doc. No. 143] denying the Defendants' Motion to Compel Relators to Answer Defendants' Interrogatory No. 15.

The Defendants have filed Objections [Doc. No. 155] to the Magistrate Judge's Opinion.

The Relators have filed a Memorandum Opposing the Defendants' Objections.

## I.

This is a *qui tam* action brought by the Relators against Defendants Supervalu, Inc. and related entities (collectively Supervalu) for violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. In their amended complaint, the Relators allege that Supervalu pharmacies intentionally misrepresented the Usual and Customary (U&C) prices that the pharmacies charged for medications in order to receive reimbursements from federally funded programs such as Medicare Part D, Medicaid and federal employee and retiree health insurance programs (government health programs, federal programs or GHP). The Relators claim Supervalu established a Price Matching Program in 2006, wherein Supervalu

pharmacies would match discount prices offered by Walmart, Kmart and other competitors to customers paying cash for medications, but did not include the discounted prices in Supervalu's determinations of U&C prices. The U&C prices were used to determine the reimbursement amounts that the federal programs paid to Supervalu pharmacies for the medications dispensed to covered individuals. The Relators assert this constituted a fraudulent misrepresentation used to secure funds from the government in violation of the False Claims Act. Supervalu denied the allegations.

At issue here is Interrogatory No. 15, which states:

**INTERROGATORY NO. 15** If you contend that any false claims were submitted by or on behalf of any Defendant to any GHP or to an entity adjudicating claims on behalf of a GHP, for each such claim provide:

The GHP to which the claim was submitted;

The prescription number (prescription_sys_id and fill_num) that is the subject of the claim;

The National Provider Identifier of the pharmacy that submitted the claim (store_npi);

The amount you contend should have been submitted as the usual and customary charge for the claim; and

The amount of damages you contend were caused by the submission of the claim.

The Relators initially responded that the report of their expert, Ian M. Dew, would provide the answer to the interrogatory. Initially, Dew opined that

Supervalu submitted 22,910,154 claims with false U&C prices that resulted in $169,665,301 in overpayments.  Subsequently, Dew revised his report and opined that Supervalu submitted 19,816,627 claims with false U&C prices that resulted in $139,439,050 in overpayments.  Supervalu believed Dew's opinions were insufficient to answer Interrogatory No. 15 because he did not provide a claim-by-claim identification of the information sought in the interrogatory for each alleged fraudulent claim.

The Relators supplemented their answer to Interrogatory No. 15 and stated that the detailed claim-level information was in the supporting documents that accompanied Dew's report.  The supplemental answer provided how to find the specific information for each prescription claim Supervalu filed for reimbursement with Federal Programs.  Supervalu's expert, Jed Smith, testified that he could identify the claim level information and quantify the amount associated with each error for each alleged false prescription claim from the supporting documents that accompanied Dew's report.

Supervalu found the Relators' response to be insufficient and filed a motion to compel after the parties were unable to resolve their difference.

II.

Supervalu alleges the Relators were required to provide a detailed claim-by-claim answer for each alleged false claim in order to answer the interrogatory. Judge Schanzle-Haskins found that, pursuant to Federal Rule of Civil Procedure 26(b), the Relators' supplemental answer was sufficient and proportional to the needs of the case.

District courts have broad discretion in controlling discovery. *See Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 933 (7th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. §636(b)(1)(A), a district judge may refer discovery matters to a magistrate judge for issuance of a written order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

In objecting to the magistrate judge's opinion, the Defendants allege the Relators' answer did not comply with Federal Rule of Civil Procedure 33(b), which requires a responding party to answer interrogatories "separately and fully in writing under oath." Rule 33(d) allows a party, in certain circumstances, to answer an interrogatory by specifying the business records to be reviewed and "giving the

interrogating party a reasonable opportunity to examine" the records. Fed. R. Civ. P. 33(d).

The Defendants note that Rule 33(d) only applies to a party's business records, not the party's expert's data. Moreover, Rule 33(d) does not apply to contention interrogatories like Interrogatory No. 15. The Defendants further allege that Rule 33(d) requires more than a "data dump" of Dew's raw data files. Additionally, this would result in a greater burden on the Defendants because the Relators are more familiar with their contentions and the Defendants cannot know which claims the Relators actually intend to pursue at trial.

Judge Schanzle-Haskins recognized that Dew's opinion on the actual U&C price on each transaction consisted of his analysis of the business records, not the business records themselves and, thus, the Relators' reference to Dew's data compilations did not precisely meet the requirements of Rule 33(d). In its discretion, however, pursuant to Rule 26(b), the Court found the Relators' supplemental answer to be sufficient and proportional to the needs of the case. Importantly, the supplemental answer either identified the requested information or identified how to find the requested information in Supervalu's business records. Judge Schanzle-Haskins noted that Smith and Dew appeared to be equally capable of collecting the claim-level information for each alleged false claim.

Because the information the Relators provided to Defendants was sufficiently specific such that the identification of false claims is not unduly burdensome, Judge Schanzle-Haskins found that the Relators' answer to Interrogatory No. 15 is sufficient under the circumstances of this case. The Defendants contend the magistrate judge's Opinion is inconsistent with Rule 33(d). However, the Opinion relied upon the Court's broad discretion in finding that, pursuant to Rule 26(b), the Relators' supplemental answer was sufficient and proportional to the needs of the case.

Upon considering the Defendants' objections, the Court is unable to conclude that the Opinion is clearly erroneous or contrary to law. Consistent with Rule 72(a), therefore, the Court has no basis to modify or set aside any part of the magistrate judge's Opinion.

<u>Ergo</u>, the Defendants' Objections to the United States Magistrate Judge's Opinion and Order denying the Defendants' Motion to Compel [d/e 155] are DENIED.

The Court declines to modify or set aside the United States Magistrate Judge's Opinion and Order [d/e 143] denying the Defendants' Motion to Compel Relators Answer to Defendants' Interrogatory No. 15 [d/e 123].

ENTER: June 28, 2018

FOR THE COURT:

                                                       /s/ *Richard Mills*
                                                       Richard Mills
                                                       United States District Judge