IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY, <br><br>    Plaintiffs and Relators,<br><br>    v.<br><br>SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC,<br><br>    Defendants. | NO. 11-3290 |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is a False Claims Act case pursuant to 31 U.S.C. § 3729.

Pending before the Court is the Defendants' motion for limited sanctions for spoliation of evidence.

The Relators filed this *qui tam* action alleging that Defendant Supervalu and related entities (collectively, SuperValu or Defendants) defrauded government healthcare programs by fraudulently reporting inflated Usual and Customary (U&C) pharmacy prices for prescriptions filled for government healthcare program beneficiaries. According to the complaint, Relator Tracey Schutte worked as a pharmacist at SuperValu for a short period of time in April of 2011. Relator Michael Yarberry has worked as a pharmacist in the retail pharmacy industry since 1992.

The Relators allege that Defendants would report their regular cash prices for prescriptions as their U&C prices. The Relators claim this was a misrepresentation in order to obtain funds from the Government in violation of the False Claims Act.

## I. BACKGROUND

In their first amended complaint, the Relators claim they each spoke individually with employees of certain of Defendants' pharmacies. SuperValu alleges the Relators rely heavily on these alleged conversations to support their fraud allegations. Specifically, the complaint discusses alleged conversations between

Relators and Defendants' (now former) employees Bob Atchison, Lindsay Reel and Mark Cross. The amended complaint also includes an allegation that "Relators conducted numerous phone calls with pharmacy staff at Defendants' branded pharmacies verifying Defendants' price matching and fraudulent billing scheme occurred nationwide."

In this motion, SuperValu alleges that the Relators shredded contemporaneous notes of "supposed conversations" with Defendants' employees. Moreover, it is charged that the Relators intentionally deleted computer files concerning these conversations and also threw away the computer on which the files were stored, thereby precluding examination of the relevant metadata. SuperValu contends the Relators took these actions after filing suit, despite having testified they lack any recollection of the alleged conversations.

The motion provides that on December 20, 2016, the Defendants served interrogatories seeking details of the alleged conversations. The Relators identified 19 alleged conversations between Relators and SuperValu employees. Relator Yarberry identified nine phone conversations occurring in August, November and December of 2009. Relator Schutte identified ten phone or in-person conversations occurring in April, May or July of 2011.

The Defendants also propounded requests for production which sought, among other things, documents relating to certain phone calls. The Relators produced no documents in response to the requests. At his deposition, Yarberry testified he prepared for his testimony by reviewing notes made by him or Schutte for some of the calls.

Subsequently, the Relators' counsel produced five documents which Yarberry confirmed were the notes that he reviewed. During his deposition, Yarberry identified one document as notes he made on his home computer concerning phone calls he allegedly made to various Defendant pharmacies. Yarberry testified he had no independent recollection of the substance of these calls. The computer on which he prepared the notes "quit working" and he threw it away after the filing of this lawsuit. Yarberry "deleted everything [all documents he prepared on the computer related to this lawsuit] after [he] sent them to counsel."

A number of other notes were also prepared on the computer that Yarberry discarded. Some of the handwritten notes or reports that were the basis for this information were shredded or destroyed.

The Defendants also note that Schutte identified a May 2011 telephone call he claims to have had with Lindsay Reel, regarding "[s]ubmitting price match to insurance." Schutte testified, "I'm sure I took notes of the phone call;" "I assume

they're gone" and "I don't think I gave any of my handwritten notes to anybody." The Defendants claim this vague testimony is inconsistent with the Relators' complaint, which features a detailed version of this alleged conversation about which there is apparently no substantiating evidence, and about which the Relators have no present recollection.

The Relators claim SuperValu made no effort to investigate the matters it addresses in its motion and did not speak to counsel for the Relators before filing the motion. They dispute that the notes on the various phone calls were created "after litigation began."

Additionally, the Relators allege they have the original electronic version of the notes from Schutte's call with Lindsay Reel. However, the Relators object to its disclosure on the basis that it is work product.

The Relators also assert that one of the items addressed in SuperValu's motion—the price override report underlying Exhibit G--that Schutte testified he "could have shredded" years later was actually produced to SuperValu one year ago.

The Relators dispute SuperValu's allegations that "Notes not produced to date have been lost forever, and all metadata reflecting the timing of the creation and editing of even the summaries has likewise been lost and is non-recoverable." The Relators claim their counsel has electronic copies of all the notes discussed by

SuperValu in its motion, with metadata, and some copies of Schutte's handwritten notes. However, SuperValu did not ask for these materials.

The Relators contend that even if certain handwritten notes were destroyed, all relevant information was preserved. Additionally, if any handwritten notes were destroyed, it was only because the Relator did not think the notes were relevant after their contents were preserved.

The Relators further assert there was no destruction of electronically stored information. Relator Yarberry sent his notes to counsel before destroying his computer. The original electronic versions of the privileged notes are in counsel's possession with the original metadata. The Relators allege SuperValu never asked for them.

Additionally, the Relators claim that Exhibits F-J of SuperValu's motion for sanctions are the documents that Relators reviewed to refresh their recollection prior to their depositions. The Relators say these are exactly what you get if you print out the files SuperValu's claims were destroyed.

The Relators also allege that a number of these allegedly spoliated documents are protected by the work product doctrine and are not subject to discovery.

In their reply brief, the Defendants claim that, to the extent any evidence that is the subject of the motion for sanctions is in the possession of the Relators' counsel,

such evidence is responsive to discovery requests and must be produced. The Defendants allege the documents are directly responsive to their December 2016 document requests as noted in the motion for sanctions and were also requested by counsel during the Relators' deposition in August of 2017. The Defendants allege that even after being served with their motion for sanctions, the Relators made no offer or effort to provide the documents. Furthermore, the Relators' "summaries" of the handwritten notes are not duplicative of or "substantially similar to," and do not replace the notes themselves. The Defendants further assert that the production of the metadata that was disposed of would have provided valuable information regarding the dates and times of creation and editing of the summaries.

The Defendants also allege that the putative statements made by Defendants' employees are not work product and must be produced without delay. In response to the Defendants' discovery requests, the Relators withheld the documents on the basis that the request "seeks communications between Relator and his counsel." The Defendants note that, based on the Relators' testimony, the statements are transcriptions of conversations the Relators have had with the Defendants' employees. Counsel's apparent involvement is as a recipient of the materials. The Defendants assert the statements cannot be both "communications between Relator

and his counsel" and also reflect statements made by the Defendants' employees during conversations between Relators and such employees.

The Defendants contend that the Relators cannot protect the documents as work product on the one hand and use their content—about which they testified they have no independent recollection—against the Defendants, on the other hand. Consistent with Federal Rule of Civil Procedure 26(b)(3)(C), moreover, to the extent that the withheld documents actually reflect statements made by the Defendants' employees, the statements must be produced in response to a valid request by the declarant. The Defendants state they have made several valid requests for these documents. They contend that the Relators' offensive use of the work product doctrine should not be an approved defense to the Defendants' spoliation claims. Accordingly, the Defendants claim the evidence and any references thereto should be excluded.

In their motion, the Defendants ask the Court to (1) strike all references to Relators' alleged conversations with the Defendants' employees from the Relators' first amended complaint; (2) preclude the Relators from offering any evidence at trial regarding their conversations with Defendants' employees, including but not limited to the typed notes of conversations that were produced during the Yarberry deposition, any evidence that is derived from those notes, including Relators'

interrogatory responses, and any other evidence related to the occurrence or content of Relators' alleged conversations with employees of Defendant pharmacies, about which the Relators have no independent recollection; and (3) award the Defendants their attorney's fees related to bringing the motion.

## II. DISCUSSION

In some respects, it appears that the parties are having communication problems. The Relators complain that SuperValu did not properly investigate the matter and did not speak to counsel for the Relators before filing the motion for limited sanctions. The Relators also say that at least one of the items that is the subject of the motion has been turned over to SuperValu. Additionally, certain other materials were not turned over to SuperValu because, according to Relators, SuperValu did not ask for the materials. The Relators say that certain other documents are protected by the work product doctrine and are not discoverable.

If the documents are simply paper or electronic records of statements made by employees of SuperValu and other Defendants, the Court fails to see how such documents could possibly constitute the Relators' work product. Accordingly, those documents should have been turned over by the Relators to the Defendants upon request, pursuant to Rule 26(b)(3)(C)(ii).

Spoliation of evidence occurs when a party deletes or destroys evidence relating to an issue in the case. *See Joseph v. Carnes*, 566 F. App'x 530, 535 (7th Cir. 2014). A court may sanction a party for spoliation of evidence under Federal Rule of Civil Procedure 37 or its inherent authority. *See MacNeil Automotive Products, Ltd. v. Cannon Automotive Ltd.*, 715 F. Supp.2d 786, 799 (N.D. IL 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991)).

Rule 37 authorizes a court to impose sanctions in certain circumstances if a party fails to cooperate in discovery. The rule states:

> If a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c). In addition to or instead of that sanction, the Court may impose other appropriate sanctions such as ordering the payment of reasonable expenses, including attorney's fees, and informing the jury of the party's failure to comply. *See id*.

"A party has a duty to preserve evidence over which it has control and reasonably knows or could foresee would be material to a potential legal action." *Bryant v. Gardner*, 587 F. Supp.2d 951, 967-68 (N.D. Ill. 2008). A sanction must be proportionate to the circumstances and can include "awarding reasonable

expenses, attorney fees, barring evidence or arguments, permitting adverse inferences, and dismissing claims or entering default judgment." *Id*. at 968.

If a party destroys in bad faith a "document relevant to proof of an issue at trial," the destruction gives rise to a "strong inference" that the document's production would have been unfavorable to the destroying party. *See Crabtree v. National Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001).

It is not entirely apparent which documents exist and which ones were destroyed. Some of the documents that are referenced in the motion apparently exist but were not disclosed because the Relators erroneously viewed them as work product. The Relators say another document was produced to SuperValu and certain other documents were not requested. Moreover, any notes that were destroyed were done so only after their contents were preserved.

Based on the current record, the Court has no reason to believe that any evidence was destroyed in bad faith. The Relators may have failed to produce certain evidence that was responsive to the Defendants' discovery requests and which should have been turned over.

At this time, the Court does not believe it appropriate to strike from the first amended complaint all reference to the Relators' alleged conversations with the Defendants' employees. Based on the current record, the Court also declines to

preclude the Relators from offering any evidence at trial regarding their conversations with the Defendants' employees.

Rule 37(e) addresses the destruction of electronically stored information, stating:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The Relators claim that despite the destruction of Yarberry's computer, the electronic versions of the notes continue to exist with the original metadata.

The Defendants will have an opportunity to question the Relators about the alleged conversations, whether the Relators have any independent recollection of conversations, the circumstances under which any notes were prepared, and any

other relevant matters, including the destruction of Yarberry's computer and any metadata that may have been lost. If it comes to light that a party acted inappropriately or in bad faith, the Court will consider imposing sanctions at that time--such as excluding evidence, informing the jury and permitting an adverse inference, or any other appropriate measure.

Although it appears that the Relators may not have lived up to their obligations under the discovery rules, the Court does not believe that the sanctions requested by the Defendants are appropriate at this time.

Pursuant to Rule 37(a)(1) and Central District of Illinois Local Rule 37.3, the Court also should not be involved in discovery disputes unless the parties have conferred or attempted to confer to resolve the dispute without Court action. While the Court recognizes it may be unlikely that would have succeeded in this case, it appears that little, if any, efforts were made to resolve the matter without Court action.

Ergo, the Defendants' Motion for Limited Sanctions for Spoliation of Evidence [d/e 92] is DENIED.

ENTER: July 12, 2018
FOR THE COURT:

                                        /s/ *Richard Mills*
                                        Richard Mills
                                        United States District Judge