E-FILED
Friday, 08 March, 2019  10:23:09 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY,   Plaintiffs and Relators,   v.   SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC,   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 11-3290 |

## **OPINION**

RICHARD MILLS, U.S. District Judge:

Pending is the Relators' Motion to Strike Declaration of Michael Viirre.

I.

This is a False Claims Act case. Relators Tracy Schutte and Michael Yarberry move to strike the Declaration of Michael Viirre because they claim that purported testimony constitutes expert testimony of a non-retained expert that is also untimely.

The Relators allege Mr. Viirre's Declaration, which was disclosed on April 6, 2018, includes opinion testimony based on his self-professed specialized "experience in the [pharmacy benefit manager] PBM industry," and thus constitutes expert testimony of a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C). The deadline for producing expert testimony was March 9, 2018. Therefore, the Relators claim the Declaration should be excluded, pursuant to Rule 37(c)(1), and Defendants should be precluded from using it in support of any motion, at any hearing or at trial.

In response, the Defendants state that this case is about the alleged submission of false claims to the federal government through companies known as PBMs. OptumRx, Inc. (Optum) is one of these PBMs. The Defendants allege Optum's work in processing federal claims is critical to Relators' allegations that Defendants defrauded the government. They listed various PBMs, including Optum, as "persons with knowledge" in supplemental initial disclosures served on January 4, 2018. The

Defendants further stated that an Optum employee may have information "related to whether a price matching program could have affected the usual and customary price of prescription drugs sold at any of Defendants' pharmacies based on a contract between OptumRx, Inc. and Defendants or any additional guidance provided by OptumRx, Inc. to Defendants." The Defendants also provided similar information about Catamaran, a PBM that Optum purchased, in a supplemental disclosure. Consistent with Federal Rule of Civil Procedure 26's required disclosures of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," the Defendants say they provided the known information about these PBMs and thus provided Relators with an opportunity to take discovery of the PBMs. Moreover, the Relators did take discovery from Optum with respect to some claim information.

The Defendants further state that, consistent with their representations, Defendants sought to gather information from Optum supporting their defenses, which resulted in their receipt of a Declaration from an Optum employee, Michael Viirre. On the final day of discovery, the Defendants provided Relators with Mr. Viirre's Declaration. The Defendants claim he was not identified as one of their experts because he is not one. Rather Mr. Viirre, who is Optum's Vice President,

Network Relations, is a fact witness with direct personal knowledge of Optum's operations and business practices, as well as information that he obtained from his employer about their historical relationships with pharmacies.

According to his Declaration, Mr. Viirre negotiates contracts and manages relationships with some of Optum's network pharmacies, including with the Defendants. Mr. Viirre addresses how Optum's contacts with Defendants define "usual and customary" prices. In his Declaration, Mr. Viirre states his employer did not view Defendants' price matching as affecting "usual and customary" prices because Defendants did not make competitors' prices generally available to its customers. Mr. Viirre states that Optum also did not view Defendants' price matches as "applicable discounts" or "the retail price that a cash paying customer would normally pay[.]" Additionally, Mr. Viirre attested that his employer did not view Defendants' price matching—or advertising of price matching—as affecting Defendants' reporting of usual and customary prices to his employer.

II.

Upon reviewing the Declaration, the Court finds that much of the information contained therein is based on Mr. Viirre's direct knowledge as an Optum executive. This includes experience negotiating contacts and managing relationships with pharmacies such as Defendants. The Court recognizes that the line between

4

statements based on knowledge and experience and opinions based on technical or other specialized knowledge within the scope of Federal Rule of Evidence 702 may not always be easy to see. Certainly, the Relators are free to raise any objections if Mr. Viirre's testimony crosses that line.

As the Defendants point out, Mr. Viirre's testimony may also fall within the scope of Federal Rule of Evidence 701, which permits lay witnesses to state opinions in limited instances, based on "the particularized knowledge that the witness has by virtue of his or her position in the business." *See* Fed. R. Evid. 701, Committee Notes on Rules, 2000 Amend. Accordingly, the evidence is at least potentially admissible based on Mr. Viirre's background and experience.

The Defendants also note that, at the time of the motion, they have not yet referenced Mr. Viirre's Declaration in any motion, pleading or proceeding. Accordingly, a motion to strike is premature.

The information contained in Mr. Viirre's Declaration is at least potentially admissible under Rule 701 if the Defendants choose to introduce it. Therefore, the Court will deny the motion.

Ergo, the Relators' Motion to Strike the Declaration of Michael Viirre [d/e 131] is DENIED.

ENTER: March 8, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge