IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY, <br><br> Plaintiffs and Relators, <br><br> v. <br><br> SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC, <br><br> Defendants. | NO. 11-3290 |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Relators' motion to strike Defendants' ninth, tenth, eleventh and fourteenth defenses.

Pending also is the Relators' motion for partial summary judgment in support of their motion to strike Defendants' ninth, tenth, eleventh and fourteenth defenses.

I.

The Relators allege that Defendants have asserted four defenses to Relators' False Claims Act counts that are insufficient as a matter of law. The Defendants asserted a total of fourteen affirmative defenses in their answer. The Relators seek to strike the following four affirmative defenses with prejudice:

> Ninth Defense. Relators' claims against Defendants are barred because Defendants have complied with all applicable laws and regulations of the federal and state government.
>
> Tenth Defense. Relators' claims against Defendants are barred in whole or in part by government knowledge.
>
> Eleventh Defense. Relators' claims are barred, in whole or in part, to the extent Relators seek to impose retroactive liability on Defendants for acts or conduct that was previously permitted, authorized or required by law.
>
> Fourteenth Defense. Defendants herein reserve the right to assert additional affirmative defenses that become known to them during the course of this action.

The Relators claim that the ninth, tenth and eleventh defenses are not affirmative defenses but merely improper denials of elements of the Relators' claims. Moreover,

2

the tenth defense is deficient for the additional reason that government knowledge is not a defense to an action under the False Claims Act. The Relators further contend the fourteenth affirmative defense is not a defense at all but an impermissible attempt to reserve the right to assert additional affirmative defenses during the course of the litigation. For these reasons, the Relators allege the Court should strike these four affirmative defenses.

In response, the Defendants first claim that the motion to strike is untimely. The fourteen affirmative defenses were asserted in the Defendants' answer to Relators' first amended complaint, filed on November 21, 2016. The motion to strike was not filed until May 4, 2018.

Federal Rule of Civil Procedure 12(f) provides that a court may strike an insufficient defense "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Given that Defendants have no objection, the Court will strike the fourteenth affirmative defense. However, the Relators' motion to strike was filed well after the 21-day deadline passed. Even if the motion were filed in a timely manner, it is unlikely that the Court could conclude that the remaining affirmative defenses would have no potential bearing on the subject matter of the case. Therefore, the Court will deny the motion to strike as to the ninth, tenth and eleventh defenses.

II.

The Relators also seek partial summary judgment on the Defendants' tenth affirmative defense. They allege the Defendants' assertion that Government knowledge is a bar to recovery under the False Claims Act is mistaken. The Defendants contend this defense is central to their position they are not liable under the False Claims Act for their reporting of usual and customary prices because state and federal governments and/or the PBMs standing in the shoes of the Government were familiar with, and did not object to, the Defendants' price-matching program.

The so-called "government knowledge defense" "is the principle that under some circumstances, the government's knowledge of the falsity of a statement or claim can defeat FCA liability on the ground that the claimant did not act 'knowingly' because the claimant knew that the government knew of the falsity of the statement and was willing to pay anyway." *See United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 263 (5th Cir. 2014) (internal quotation marks omitted). The Relators allege the "government knowledge defense" has been eliminated in False Claims Act cases. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181,1190 n.3 (9th Cir. 2001). "This defense is inaptly named because it is not a statutory defense to FCA liability but a means by which the defendant can rebut the government's assertion of the 'knowing' presentation of a false claim." *See Bollinger Shipyards*, 775 F.3d at 255.

"The government's prior knowledge of an allegedly false claim can vitiate a FCA action." *United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d 542, 544-45 (7th Cir. 1999). Therefore, the Government's knowledge or approval of a claim before it is presented means that the presenter did not knowingly present a fraudulent or false claim. *See id.* at 545. The United States Supreme Court recently noted that "if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Universal Health Services, Inc. v. U.S.*, 136 S. Ct. 1989, 2003-04 (2016).

Whether "government knowledge" is viewed more as an affirmative defense or as part of the Defendants' scienter and as an element of the Relators' case is not particularly significant at this stage. The Parties agree that government knowledge is potentially relevant to the resolution of the case. Accordingly, the Court will deny the Government's motion for partial summary judgment as to the tenth affirmative defense.

Ergo, the Relators' motion to strike Defendants' ninth, tenth, eleventh and fourteenth affirmative defenses [d/e 153] is DENIED.

The Relators' motion for partial summary judgment as to the Defendants' tenth affirmative defense and fourteenth affirmative defense [d/e 154] is ALLOWED in part and DENIED.

The motion is Allowed as to the fourteenth affirmative defense. The fourteenth affirmative defense is stricken.

The motion is Denied as to the tenth affirmative defense.

ENTER: March 12, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge