IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs and Relators, | ) ) | |
| v. | ) ) | NO. 11-3290 |
| SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

1

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Relators' motion to exclude testimony pursuant to Federal Rule of Civil Procedure 37(c)(1).

## I.

The Relators allege the Defendants disregarded their discovery and supplementation obligations under Federal Rule of Civil Procedure 26(a) and (e). Rule 37(c)(1) states in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1).

The Relators state that in connection with the Defendants' motion for summary judgment, Defendants for the first time identified and proffered declarations from David Baker, Brian Swett and Amber Compton. Each declarant is employed by a Pharmacy Benefit Manager ("PBM") and each of their declarations purports to address how the particular PBM would view price matching in terms of its effect on the usual and customary price.

Under Rule 26(a)(1)(A)(i), a party must provide the name, and if known, the address and telephone number of, each individual likely to have discoverable information that the party may use to support its defenses as part of the mandatory disclosure process. The Relators say that in none of the four sets of disclosures served by Defendants did they identify the names of Baker, Swett or Compton.

The Defendants contend that Relators had all the necessary information to identify the most significant PBMs over a year ago and could have identified the relevant PBM employees for Defendants' accounts through publicly available information about the PBMs and their counsel, which Defendants claim they did. The Relators had the requisite tools to take further discovery from the PBMs. The Defendants claim that Relators have known since the beginning of this case that the PBMs had information that was relevant to the claims. They did not know the names of the exact PBM employees who might be declarants and would not know until after discussions with counsel for the PBMs. Therefore, the Defendants say they went ahead and disclosed the identities of the PBMs to avoid any possibility of prejudicing Relators. The disclosures included the corporate addresses of the PBMs, an explanation that

the identity of the specific individual within the PBM was "unknown," and a fulsome description of the information each PBM might have that was relevant to this case. Based on this very information contained in January 2018 disclosures, the Relators noticed the deposition by written questions of three of the PBMs: CVS Caremark, Express Scripts and Optum. Accordingly, the Defendants claim their disclosures in January 2018 were sufficiently adequate for Relators to commence discovery from the PBMs. Additionally, the disclosures were supplemented in March 2018.

The Relators further allege that, in addition to failing to disclose the names of these three witnesses, the Defendants also withheld the declaration from a witness who had been previously identified within the discovery period, Robert Burge. Mr. Burge's declaration was executed on April 2, 2018, four days before the April 6, 2018 discovery cutoff. The declarations were withheld until the Defendants filed their motion for summary judgment. All four declarations are from PBM employees who purport to address whether Defendants' price matching affected usual and customary prices. The Relators say they made multiple document requests for information of this nature.

4

The Relators claim that Defendants' delay in identifying these declarants and producing these declarations has prevented Relators from challenging this testimony. They allege that an Order excluding testimony is appropriate for Defendants' suppression of witness identities and executed declarations. The Defendants knew of David Baker and Brian Swett no later than April 10, 2018, when those witnesses executed their declarations, but Defendants did not disclose their names until their summary judgment motion was filed six weeks later. Given the timing of the declarations, the Relators claim the individuals likely were identified prior to the April 6, 2018 discovery cutoff. The Defendants say they provided Relators with all declarations that had been executed by the close of discovery.

Additionally, the Relators claim that the Defendants were aware that executed declarations are discoverable. The Relators contend that under Federal Rule of Civil Procedure 26(e), the Defendants were required to supplement their responses to document requests in a timely manner.

The Defendants claim that information about the PBMs had "otherwise been made known to the other parties during the discovery process" through depositions and document productions. Fed. R. Civ. P. 26(e)(1)(A). The

PBMs and their specific employees with knowledge were known to Relators through the discovery process based on their own documents used in depositions.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Relators ask the Court to strike the declarations from the record and prohibit the Defendants from relying on them at summary judgment and prohibit Defendants from offering testimony at trial.

Although the Court believes the Defendants were obliged to supplement their disclosures upon learning the names of witnesses, the Court declines to exclude the witnesses' testimony at this time. The Relators had sufficient information to commence discovery—the identity and the corporate addresses of the PBMs. The Relators could have identified the most significant PBMs from the claims data Defendants previously produced to Relators. They could have used this and other publicly available information to engage in further discovery. The Relators did use the limited information provided to notice the depositions of three of the PBMs. The Court finds that the Defendants' failure to disclose and/or supplement the witness names was harmless. Accordingly, the Court declines to exclude the testimony under Rule 37(c)(1).

II.

The Relators also claim the Baker and Swett declarations are not made on personal knowledge and should also be excluded to the extent that they offer untimely expert opinions. The Defendant alleges all are fact witnesses who executed declarations based on their direct personal knowledge of each PBM's operations and business practices, as well as information that each representative obtained from the PBM about historical relationships with Defendants.

The Defendants say the PBM declarants are fact witnesses and have not offered opinions as experts. They provided factual statements based on their direct knowledge of their employers. The testimony of the PBM declarants relates to their duties. Even assuming the statements could be classified as opinions, the Defendants claim the opinions are based on scientific, technical or other specialized knowledge within the scope of Federal Rule of Evidence 702. Any such opinions would be pursuant to Federal Rule of Evidence 701, which permits lay witnesses to state opinions based on "knowledge and participation in the day-to-day affairs of [a] business." Fed. R. Evid. 701, Committee Notes on Rules, 2000 Amend.

The Court is unable to conclude at this time the PBM declarants are offering expert opinions. To the extent they are offering opinions, any opinion would appear to be based on the declarants' "knowledge and participation" in daily business affairs and thus be admissible under the Federal Rules of Evidence. Obviously, the Relators are free to object at trial if they believe any witness is testifying as an undisclosed expert witness.

Ergo, the Relators' motion to exclude testimony under Federal Rule of Civil Procedure 37(c)(1) [d/e 209] is DENIED.

ENTER: March 28, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge