IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY,<br><br>    Plaintiffs and Relators,<br><br>v.<br><br>SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC,<br><br>    Defendants. | NO. 11-3290 |

# **OPINION**

RICHARD MILLS, U.S. District Judge:

The Relators move in limine to exclude portions of the proffered expert testimony of Defendants' experts Leslie Norwalk, James Kevin Gorospe, Michael Jacobs and Jed Smith.

The Relators seek the exclusion of these opinions on the basis that they fail to satisfy the standards of admissibility set by the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). They contend some of the proffered testimony constitutes inadmissible legal opinions; opinions on the intent of government agencies and Congress; opinions on the meaning of statutes and regulations; opinions that exceed the expert's area of expertise; and opinions that weigh the evidence and tell the jury what result to reach.

The Defendants allege the expert testimony satisfies the Federal Rules of Evidence and *Daubert* and will assist the jury in understanding and evaluating evidence in this complex case involving esoteric areas of government healthcare program operations and prescription drug price reporting underlying the Relators' claims.

I.

Leslie Norwalk is a Washington, D.C. attorney who worked for the Centers for Medicare and Medicaid Services (CMS) for six years. The Relators claim that

Norwalk's 47-page report reads like a legal memorandum for the Defendants. They contend Norwalk's report consists of legal opinions; improper attempts to testify to the intent of Congress or the intent of Government agencies like HHS and CMS on Medicare Part D matters; interpretations of the meanings and intent behind statutes and regulations; and interpretations of the intent of Medicare contractors. The Relators assert Norwalk also attacks the Seventh Circuit's decision in *United States ex rel. v. Garbe Corp.*, 824 F.3d 632 (7th Cir. 2016).

Kevin Gorospe is a pharmacist who has worked for California as a clinical staff pharmacist, a senior pharmaceutical consultant, and then as Chief of Pharmacy Policy for California Medicaid. Gorospe is the Defendants' Medicaid expert who they have tasked to "review the Medicaid schemes for the 24 states in which Defendants operated pharmacies during the 2006-2016 time period." The Relators say he lacks experience working with or for Illinois, Washington or Utah Medicaid and is thus not qualified to opine on those Medicaid programs. They also allege Gorospe's report offers legal opinions on the effect of a State Medicaid Plan's alleged modification of its usual and customary definitions; whether these are "material" changes that require approval of CMS; and representing that such changes can be challenged by providers. The Relators further note that Gorospe's opinions regarding Medicaid practices and standards for any States other than

California, Illinois, Utah and Washington are irrelevant, given that those are the only four States for which Relators continue to pursue Medicaid claims.

Michael S. Jacobs is a pharmacist consultant who has worked for a Pharmacy Benefit Manager (PBM) in the past. He has evaluated Prescription Drug Plans and has been involved in negotiating PBM – payor relationships. From 2014 to 2017, Jacobs worked for Walmart negotiating and contracting with Medicare Part D plan sponsors and PBMs. Jacobs has been retained by the Defendants to opine on his understanding of how the PBM industry and pharmacy retail industry defines usual and customary; how Government Healthcare Programs (GHPs) operate with PBMs; "whether Defendants committed fraud" by not reporting price matches as their usual and customary price; and the Relators' expert reports. The Relators claim that much of Jacobs's report consists of inadmissible legal opinions. Additionally, his statement regarding whether the Defendants committed fraud essentially goes to the ultimate issue.

Jed Smith is an electronic data analyst with Navigant Consulting, Inc., who specializes in calculating damages in healthcare disputes for pharmacies, PBMs, payors and providers. Smith described his area of expertise as "damage calculations and the analysis of data in the healthcare industry." The scope of his engagement is "to review and analyze Mr. Dew's [Relators' large data analyst] expert report and supporting materials regarding his calculation of alleged overpayments." The

4

Relators say several of Smith's opinions go beyond the scope of his engagement and exceed his area of expertise. Portions of his report are critical of the Defendants' expert, Dr. Schafermeyer, on his use of the Medicare Part D term "prevailing charge." The Relators claim Smith also proffers legal opinions. Moreover, he adopts and incorporates opinions of other Defense experts that may be inadmissible. Additionally, Smith proffers opinions on several state Medicaid programs—Oregon, Idaho, Delaware and Maryland--that have been dismissed.

II.

Under Federal Rule of Evidence 104(a), the Court acts as the gatekeeper in determining whether testimony is admissible. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The purpose of the *Daubert* inquiry is to scrutinize proposed expert witness testimony to determine if it has the same level of intellectual rigor that characterizes the practice of an expert in the relevant field so as to be deemed reliable enough to

present to a jury." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012) (internal quotation marks omitted). A court must evaluate: (1) the qualifications of the proposed expert; (2) the reliability of his or her methodology; and (3) the relevance of the proposed testimony. *See Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017). In evaluating the reliability of expert testimony, courts should consider a number of factors and employ a "flexible" inquiry. *See id.* at 779-80.

As a general rule, an expert may not offer legal opinions. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). An expert is not permitted to take the ultimate issue away from a jury. *See Good Shepherd Manor Found, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Therefore, an expert cannot opine, for example, regarding whether the Defendants committed fraud. *See United States v. Neushwander*, 2017 WL 4572212, at *4 (N.D. Ill. Oct. 14, 2017). However, such determinations may require the drawing of a fine line. *See United States v. Davis*, 471 F.3d 783, 789 (7th Cir. 2006) ("we have held that expert testimony is allowed to the effect that financial transactions did not comply with regulations and appeared to be fraudulent."). Accordingly, it is sometimes preferable to defer ruling on admissibility issues until trial. *See Mason v. City of Chicago*, 631 F. Supp.2d 1052, 1055-56 (N.D. Ill. 2009).

Undoubtedly, the testimony and evidence in this case will be difficult for lay jurors to understand. It will be necessary to give the parties some latitude regarding

expert testimony. However, the Court will not permit an expert to offer an opinion on an ultimate issue or opine as to whether fraud was committed or determine the meaning of statutes and regulations. Similarly, an extensive expert legal analysis of *Garbe* or any other case will not be necessary. Much of the proffered testimony appears to be relevant and admissible. If any testimony crosses the line and constitutes a legal opinion or should otherwise be excluded, the Relators may object at any time during the trial.

To the extent Relators contend that Kevin Gorospe lacks experience working with or for Illinois, Washington or Utah Medicaid programs, the Court believes that Gorospe's experience as Chief of Pharmacy for California Medicaid could potentially qualify him to offer opinions regarding other state's programs, upon proper foundation and to the extent they are similar to California's Medicaid program.

As for the claims relating to states that have been dismissed, the Defendants claim they do not intend to present a full defense case on those claims. However, that evidence could be relevant to the issue of whether any false claims were "knowingly" submitted to those State Medicaid programs. Moreover, such testimony could be relevant to evaluating the Defendants' efforts to comply with their Medicaid responsibilities. Because the evidence is at least potentially relevant, therefore, the Court will not bar Gorospe's testimony at this time.

Based on the foregoing, the Court declines at this time to exclude any of the proffered expert testimony. If an expert offers testimony outside of his or her specialty or provides legal opinions or otherwise inappropriate testimony, the opposing party is free to object at trial and the Court will exclude any inadmissible testimony.

Ergo, the Relators' motion in limine to exclude the proffered testimony of Defendants' experts [d/e 232] is DENIED, except to the extent provided in this Order.

ENTER: November 22, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge