E-FILED
Tuesday, 31 December, 2019  10:11:07 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel*. TRACY SCHUTTE and MICHAEL YARBERRY,<br><br>    Plaintiffs and Relators,<br><br>    v.<br><br>SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC., ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, LLC, ACME MARKETS, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY. INC., JEWEL FOOD STORES, INC., and AB ACQUISITION LLC,<br><br>    Defendants. | NO. 11-3290 |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Defendants' Motion to Compel Government Agency to Allow Former Government Employee to Testify in accordance with Trial Subpoena or, in the alternative, Defendants' Motion for Adverse-Inference Instruction.

Pending also is Non-Party Witness Dr. Cynthia Tudor's Motion to Quash Trial Subpoena.

### I.

The Defendants seek review of what they claim was an arbitrary and capricious decision by a Government agency that refused to permit trial testimony from a former government employee who they allege wrote and issued an official, nationwide memorandum relied upon by the Relators.

In a thorough and well-reasoned Opinion and Order in the related case of *United States ex rel. Proctor v. Safeway, Inc.*, Case No. 3:11-cv-3406, United States Magistrate Judge Tom Schanzle-Haskins denied Defendant Safeway's motion to compel the Government Agency to allow former Government employee to testify in accordance with the subpoena. Safeway appealed the magistrate judge's decision. This Court denied the appeal, affirming and adopting the magistrate judge's Opinion.

The Defendants here ask the Court to grant their motion to compel the Centers for Medicare and Medicaid Services (CMS) to permit the testimony of a former employee, Cynthia Tudor, Ph.D, on certain narrow topics relevant to this litigation. Dr. Tudor is a former Director of CMS and former Director of the Medicare Drug Benefit and C&D Data Group. Federal regulations require agency authorization before an employee or former employee of CMS may testify concerning information acquired in the course of performing official duties. *See* 45 C.F.R. §§ 2.1-2.6 ("*Touhy* regulations").[1] No former employee may provide testimony "unless authorized by the Agency head pursuant to this part based on a determination by the Agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department." *Id*. § 2.3.

The Defendants' *Touhy* request provided that Dr. Tudor was expected to testify on the following topics:

1. Memorandum, dated October 11, 2006, from Cynthia Tudor to All Part D Sponsors, regarding the HPMS Q & A- Lower Cash Price Policy (*See* Attachment A); and

2. Medicare Part D's "Lower Cash Price Policy," including but not limited to CMS's objectives for the Policy (*see* Attachment A; see also Medicare Prescription Drug Benefit Manual, Ch. 14, 50.4.2 – Beneficiary Cash Purchases (Rev. 12, 03/19/2010) and (Rev. 17, 08/23/2010)).

---

[1] In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court determined that a federal employee cannot be compelled to obey a subpoena that acts against valid agency regulations.

*See* Doc. No. 279-4.

On March 27, 2019, CMS denied the Defendants' request to obtain trial testimony from Dr. Tudor. CMS stated that authorizing Dr. Tudor to testify would not promote the objectives of the Department of Health and Human Services ("the Department") for three reasons: (1) CMS representatives talked to employees who worked most closely with Dr. Tudor and determined that she may lack personal knowledge about the topics on which Safeway wanted her to testify; (2) the specific topics seemed calculated to elicit Dr. Tudor's opinions rather than facts based on personal knowledge; and (3) testimony on the proposed topics posed a risk of disclosure of information protected by the deliberative process privilege or the attorney-client privilege.

The Defendants claim that Dr. Tudor has personal knowledge of the Memo she wrote and for which CMS continues to hold her out as the author on its website. Moreover, Dr. Tudor would be testifying as a fact witness based on her personal knowledge, not as an expert witness. The Defendants further contend that CMS has not provided any reason why the narrow topics in Defendants' *Touhy* request risk eliciting privileged testimony, especially if the Government elects to attend the trial.

II.

(A)

The Court reviews CMS's decision not to authorize Dr. Tudor to testify under the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, which provides that the Court may set aside CMS's decision to not allow Dr. Tudor to testify if the decision is arbitrary and capricious. 5 U.S.C. § 706(2)(A). The Supreme Court has stated:

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made. In reviewing that explanation, we must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. The reviewing court should not attempt itself to make up for such deficiencies: We may not supply a reasoned basis for the agency's action that the agency itself has not given. We will, however, uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal citations and quotations omitted). "The arbitrary or capricious standard of review is a deferential one which presumes that agency actions are valid as long as the decision is supported by a rational basis." *Pozzie v.*

*U.S. Dep't of Housing and Urban Development*, 48 F.3d 1026, 1029 (7th Cir. 1995) (internal quotation marks omitted).  While an agency's decision is presumed to be valid, courts must still "engage in a substantial inquiry, or in other words, a thorough, probing, in-depth review."  *Id.*

It was reasonable of CMS to inquire of other employees to ascertain Dr. Tudor's level of knowledge about the proposed topics in determining whether her testimony would promote the objectives of the Department.  CMS had a rational basis to question the extent of Dr. Tudor's personal knowledge of the policy and the memorandum, given that Dr. Tudor has acknowledged that the memorandum "had been authored by members of [her] staff."  Doc. No. 279, at 2.

CMS could also reasonably determine that the topics on which Dr. Tudor would testify posed the risk that she would provide opinions in her testimony, based on SuperValu's *Touhy* request, as well as Safeway's request in the related case, stating that Dr. Tudor had the expertise to "educate the finder of fact" on complicated issues that were "outside the scope of knowledge of most juries and judges."  The descriptions of Dr. Tudor's proposed testimony were similar to the language used in Federal Rule of Evidence 702(a), which discusses the purpose of expert testimony.  As the magistrate judge determined in the related case, "CMS could reasonably conclude that allowing a former employee to opine on such matters would not promote the objectives of the Department."  Case No. 11-3406, Doc. No. 147, at 11.

It was also rational for CMS to determine there existed a risk that Dr. Tudor would disclose privileged information in testifying, and that creating such a risk would not promote the objectives of the Department. As the magistrate judge found in *Safeway*, moreover, "CMS could reasonably conclude that disclosure of decision-making information concerning the development and implementation of the Lower Cash Price Policy could put at risk the disclosure of confidential information protected by these two privileges." *See* Case No. 11-3406, Doc. No. 147, at 13.

Based on the foregoing, CMS has proffered three reasons as to why allowing Dr. Tudor to testify would not promote the objectives of the Department or CMS. Each of the reasons appears to be rational and not arbitrary and capricious. As the magistrate judge stated, "this Court does not substitute its judgment for CMS." For all of these reasons and as discussed by the magistrate judge in *Safeway*, Doc. No. 147, the Court has no basis to find that CMS's denial of the SuperValu Defendants' *Touhy* request was arbitrary and capricious.

(B)

Alternatively, the Defendants claim that if the Court finds that CMS's decision not to allow Dr. Tudor to testify at trial was not arbitrary and capricious, the Court should instruct the jury in this case that it can draw an adverse inference from CMS's refusal. The Court does not believe that an adverse inference

7

instruction would be appropriate. When Dr. Tudor's testimony was sought, CMS was authorized under the regulations to determine whether "after consultation with the Office of General Counsel, that compliance with the request would promote the objectives of the Department." 45 C.F.R. § 2.3. The Court does not believe that an adverse jury instruction is warranted when CMS acted in a manner consistent with its authority.

Additionally, SuperValu is not entitled to an adverse inference instruction against a non-party. CMS is not a party to this action because the United States declined to intervene. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (noting that the United States "is a 'party' to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.").

Non-party Cynthia Tudor has filed a protective motion to quash subpoena. The motion provides that Defendants have agreed Dr. Tudor is not required to appear unless and until (1) her former employer, CMS, approves SuperValu's *Touhy* request for her to testify; or (2) this Order issues an Order compelling her attendance. Dr. Tudor requests that the Court consider her motion only if one of the conditions precedent to testifying is satisfied. Because neither condition was satisfied, the protective motion to quash is moot.

Ergo, the Defendants' Motion to Compel the Government Agency to allow the former Government Employee to testify in accordance with Trial Subpoena or, in the alternative, Motion for Adverse-Inference Instruction [d/e 283] is DENIED.

The Clerk will terminate as moot Non-Party Witness Dr. Cynthia Tudor's Motion to Quash Trial Subpoena [d/e 278].

ENTER: December 31, 2019

    FOR THE COURT:

                                  /s/ *Richard Mills*
                                  Richard Mills
                                  United States District Judge