IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA et. al, </br></br> Plaintiffs, </br></br> v. </br></br> SUPERVALU, INC., et. al, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 11-CV-3290 |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Relators' Motion and Memorandum Requesting the Court Exercise Supplemental Jurisdiction over Reinstated State Claims (d/e 384). Relators request the Court Exercise Supplemental Jurisdiction over the previously dismissed state law claims so that the issues may all be tried together. For the following reasons, Relators' Motion (d/e 384) is GRANTED.

## BACKGROUND

In the First Amended Complaint, Realtors state two supplemental state claims. The first was filed on behalf of California pursuant to the California False Claims Act. The second was filed on

behalf of Illinois pursuant to the Illinois False Claims Act. On January 29, 2016, Defendants filed a Motion to Dismiss Relators First Amended Complaint. (d/e 37). Defendants requested the Court decline to exercise supplemental jurisdiction over the state law claims, arguing Relators failed to state a claim under the False Claims Act.

On October 21, 2016, the Court denied Defendants' Motion to Dismiss, finding Relators have "sufficiently pled with particularity, as required by Rule 9(b), that Defendants have violated the False Claims Act and related state laws." (d/e 65). After additional discovery and significant briefing, the parties each filed dispositive motions. On July 1, 2020, the District Court entered an Order granting summary judgment for Defendants as to scienter. (d/e 333). Specifically, the Court dismissed the False Claims Act claims in Count I and noted pursuant to 28 U.S.C. § 1367(c)(3), the Court declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* at 31-32. These state law claims were dismissed without prejudice. *Id.*

As the parties are aware, the Order entered by this Court in July 2020 was appealed to the Seventh Circuit Court of Appeals, where the decision was affirmed. Relators then filed and were granted a writ

of certiorari to the United States Supreme Court. *United States ex rel. Schutte v. SuperValu Inc.,* 143 S. Ct. 1391, 1404 (2023). The Supreme Court reversed the Seventh Circuit's decision and remanded for additional proceedings consistent with its order. *Id.* The Seventh Circuit issued a Mandate as to Relators Notice of Appeal, vacating the judgment of the District Court and remanding for further proceedings in light of *Schutte.* (d/e 354). The Court further noted "the district court should revisit the question of supplemental jurisdiction. *See Stockton v. Milwaukee County,* 44 F.4th 605, 621 n.4 (7th Cir. 2022)." *Id.*

## ANALYSIS

This Court has now issued an order on the parties' various Motions for Summary Judgment and the False Claims Act claim will be set for trial. (d/e 437).

Relators argue that this Court should exercise supplemental authority over the two state law claims under the California False Claims Act and Illinois False Claims Act. (d/e 384). Relators rely on 28 U.S.C. § 1367 in asking the Court to exercise supplemental jurisdiction. This section in relevant parts states "the district court shall have supplemental jurisdiction over all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Defendants filed a response in opposition to Relators' Motion arguing the Court should not rule on the instant motion until a decision is made as to the pending summary judgment motions. The Court has now ruled on said motion and is turning its attention to supplemental jurisdiction of state law claims. Defendants further argue that the Relators should have asked the Seventh Circuit to reverse U.S. District Judge Richard Mills' Order regarding the state law claims, but they did not. Further, that allowing the state law claims to proceed to trial along with the False Claims Act claim would likely confuse the jury. Specifically, that the jury would have to be instructed not only on the elements of the False Claims Act, but also the laws of two states.

Judge Richard Mills' July 2020 Order on summary judgment did not contemplate the merits of Relators' state law claims. Rather, Judge Mills cited subsection (c)(3) of the applicable statute which allows a district court to decline to exercise supplemental jurisdiction over a claim if "(3) the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Therefore, it is clear Judge Mills' rationale for the declining to exercise jurisdiction is based on the dismissal of the False Claim Act claim, which provided original jurisdiction.

As the False Claims Act claim is proceeding to trial, this Court can and will exercise supplemental jurisdiction of the California and Illinois state law claims pursuant to 28 U.S.C. § 1367(a). This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331. Relators brought claims involving matter of federal law, specifically claims under the False Claims Act. Further, pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over the state law claims alleged herein because the facts forming the basis of the state law claims arise out of the same nucleus of operative facts that form the basis of the federal claims.

Although Defendants argue that a jury may be confused given the application of state and federal law, juries are tasked with making these determinations frequently. Defendants also argue that the Court will need to provide additional guidance as to a separate legal challenge they have with the California state law claim and the definition of "usual and customary" price. To that end, Defendants

may file a motion *in limine* at the appropriate time to ensure this issue is fully briefed before the Court makes such a determination.

ENTER: September 30, 2024

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE