E-FILED
Monday, 18 November, 2024 10:53:21 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**THE UNITED STATES OF AMERICA and THE STATES OF CALIFORNIA, DELAWARE, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, VIRGINIA, *ex rel.* TRACY SCHUTTE and MICHAEL YARBERRY,**

**Plaintiffs,**

**v.**

**SUPERVALU, INC., SUPERVALU HOLDINGS, INC., FF ACQUISITIONS, LLC, FOODARAMA, LLC, SHOPPERS FOOD WAREHOUSE CORP., SUPERVALU PHARMACIES, INC. ALBERTSON'S LLC, JEWEL OSCO SOUTHWEST LLC, NEW ALBERTSON'S INC., AMERICAN DRUG STORES, INC., SHAW'S SUPERMARKET, INC., STAR MARKET COMPANY INC., JEWEL FOOD STORES, INC., and AB ACQUISION LLC,**

**Defendants.**

**Case No. 11-CV-3290**

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Defendants' Motion for Reconsideration, Relators' Response and Defendant's Reply. (d/e 439, 440, 441). For the following reasons, Defendants' Motion (d/e 439) is DENIED.

**BACKGROUND**

On September 30, 2024, the Court granted partial summary judgment in favor of the Relators on the issue of materiality. (d/e 427). On the same date, the Court also granted Relators' Motion Requesting the Court Exercise Supplemental Jurisdiction over State Law Claims. (d/e 438). Relators are now proceeding with claims pursuant to the federal False Claims Act and two state law claims under the California False Claims Act and the Illinois False Claims Act. (d/e 437, 438).

On October 11, 2024, Defendants filed a Motion for Reconsideration of this Court's September 30, 2024 Order and Opinion, granting partial summary judgment in Relators' favor. (d/e 437). Defendants argue that this Court erred by granting summary judgment as to materiality by shifting the burden of proof on materiality to SuperValu and by relying on a *per se* materiality standard that *Garbe* does not support. (d/e 439, p. 3). Defendant

moves this Court to reconsider its prior order, or alternatively, Defendants request the Court certify its September 2024 Order for an interlocutory appeal as to the ruling on materiality. *Id.* at p. 8.

On October 25, 2024, Relators filed their response arguing Defendants' motion advances arguments, authorities, and caselaw that have been considered and denied. Further, Relators argue that this Court should not permit an interlocutory appeal as Defendants do not meet the necessary requirements.

**ANALYSIS**

**I. Defendants' Motion for Reconsideration is Denied.**

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration is not appropriate for rehashing arguments or raising new matters that could have been heard during the pendency of the previous motions. *Id.* at 1270.

Defendants raise two arguments for reconsideration. First, the Court incorrectly articulated the burden of proof for summary judgment. Defendants point to the language the Court utilized in its analysis and its use of the word "some" and "could" when describing

evidence and factfinder. Defendants argue that the Court articulated a different burden of proof in utilizing this language. Further, given the Court analyzed the evidence presented by SuperValu, that analysis is indicative of a factual dispute on materiality and a jury should consider this question.

The Court, in its Opinion and Order, provided an overview of the parties' arguments in support of and against summary judgment. In doing so, the Court described the evidence presented by the parties, including that SuperValu provided evidence "some payors may have known" about price matching. However, the Court made a specific distinction in its finding that there was no evidence presented that payor knew claims submitted were false in that the usual and customary price was inflated.

The Court has not confused the summary judgment standard. The Court emphasized that while both parties provided ample evidence, none addressed whether the payors knew that price matching was occurring *and* resulting in false claims - thus affecting the usual and customary price and continued payment. The Court applied the correct summary judgment standard and found Relators

were indeed entitled to summary judgment on the issue of materiality considering both *Garbe* and *Escobar*.

To the extent Defendants argue that the burden has shifted to the Defendants solely by utilizing the words "some" and "could" is also incorrect. The Court evaluated each party's motions for summary judgment, provided information about various pieces of evidence, and found that Relators met their burden because there was no evidence that payors knew claims submitted were false and continued to pay Defendants. This analysis specifically considered the effect on the likely or actual behavior of the recipient of the alleged misrepresentation.

Defendants second argument for reconsideration is the Court relied on an incorrect legal premise. Specifically, the Court misapplies the holding in *Garbe*, finding that a misstatement regarding the collection of more money than actually owed was sufficient to establish materiality.

Defendants' arguments are a restatement of those previously before the Court. The Court evaluated these arguments at the summary judgment stage and found them unpersuasive and found *Garbe,* which evaluated a similar set of circumstances as here,

controls. Although Defendants have again argued that this holding and this Court's application is impermissible according to *Escobar*, this Court disagrees. The Court evaluated the arguments presented by the parties, and in reading *Garbe,* found that the misrepresented prices here were capable of influencing the decision-making body to which they were addressed, namely the payors at issue.

The arguments by the parties are similar, if not identical, to those previously made and have provided no controlling case law that has been ignored by this Court. The Court, therefore, declines to reconsider its determination on materiality in its September 30, 2024 Order. Defendants' Motion for Reconsideration (d/e 439) is, therefore, denied.

**II.    Defendants' Motion for Interlocutory Appeal is Denied.**

Defendants ask the Court to certify an interlocutory appeal of its September 2024 Order granting Relators' Motion for Summary Judgment as to Materiality. Defendants seek certification pursuant to 28 U.S.C. § 1292 to determine whether: a claim for more money than is actually owed is sufficient to establish materiality as a matter of law under the holistic and demanding standard of *Universal Health*

*Servs., Inc. v. United States ex rel. Escobar*, 579 US. 176 (2016). (d/e 439, p. 10).

Defendants move for this relief under 28 U.S.C. § 1292(b), a narrow exception to the general rule that a party may only appeal when the court "shall be of the opinion that such order involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Certification under § 1292 requires four criteria be met: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation. There is also a statutory requirement that the petition must be filed in the district court within a reasonable time after the order. *Arenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

All of the statutory criteria must be satisfied for an order to qualify for immediate appeal. *Id.* Defendants fail to satisfy the requirements regarding a question of law and speeding up the instant litigation. A question of law is a "question of the meaning of a

statutory or constitutional provision, regulation, or common law doctrine" and should be "something the court of appeals could decide quicky and cleanly without having to study the record." *Id.* at 677. Here, Defendants ask whether a claim for more money than is actually owed is sufficient to establish materiality as a matter of law under *Escobar*. This issue would require the Seventh Circuit to examine the record in this case, the record of the *Garbe* case, and analyze the *Escobar* case to decide whether this Court should have denied Relators' Motion for Summary Judgment on the issue of materiality. Because Defendants seek to appeal the Court's application of the relevant facts to the *Escobar* standard, Defendants claim does not fit the standard under Section 1292(b).

Additionally, this Court is not persuaded that the resolution of the question presented by the Defendants promises to speed up the litigation or advance the ultimate termination of this matter. Rather, this case has been ongoing for approximately 13 years at this juncture and, whether the Seventh Circuit answers Defendants' question in the affirmative or not, that will not dispose of this matter entirely. Indeed, it will again provide a limited answer on one element in what is a complex case with many moving parts. Allowing an

immediate appeal will serve only to delay this matter further, and, although counsel for the Defendants indicates that an answer from the Seventh Circuit may obviate the need for a retrial, that does not promise to speed up the litigation.

Although counsel for the Defendants provide case law in support of certifying an interlocutory appeal where it would dispose of the entire litigation, that is not the case here. Rather, at best, one element of the False Claims Act would be ruled on by the Seventh Circuit. This would still require trial on the other elements of the False Claims Act and the other claims that remain.

As a result, the Court declines to certify its September 30, 2024 Opinion pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

In ruling on the prior Motions for Summary Judgment, this Court utilized voluminous case law, facts, and evidence. Ultimately, the Court found Realtors met their burden as to materiality. Defendants' Motion for Reconsideration advances similar arguments regarding *Garbe* and its application to this matter both here and in their briefing for summary judgment. Further, Defendants have not met the criteria to certify the Court's September 2024 Order for

immediate appeal. Therefore, Defendants' Motion for Reconsideration (d/e 439) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: November 18, 2024.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**